IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

SHELLY MONTREUIL, As        )
Parent and Next Friend of   )
Z.M., a minor,              )
                            )
        Plaintiff,          )
                            )        CIVIL ACTION NO.
    v.                      )        2:18cv706-MHT
                            )            (WO)
COSTCO WHOLESALE CORP.,      )
                            )
        Defendant.          )

                           ORDER

    This case comes before the court *sua sponte*. *See*

*Flowers v. Cotton States Ins. Co.*, No. 1:08-cv-345-MHT,

2009 WL 563656, at *2 (M.D. Ala. Mar. 5, 2009)

(Thompson, J.) (citing authority for this).  After the

plaintiff made an unspecified demand for damages in

state court, the defendant removed to federal court,

claiming that "complete diversity of citizenship exists

... and the amount in controversy exceeds $75,000.00."

Notice of Removal (doc. no. 1) at 3 ¶6.  The plaintiff

has not sought remand.

In cases such as this one, the Eleventh Circuit has explained that: "If a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement. In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (internal quotations and ellipses omitted).

The defendant provided such additional evidence by attaching to the notice of removal a letter sent from the plaintiff's counsel prior to the filing of the complaint with a $ 500,000 settlement demand. *See* Letter from J. Cole Portis, plaintiff's counsel, to Ms. Adrienne Holiday-Singletary, Sedgewick Claims Management Services, Inc. (doc. no. 1-4).

"While this settlement offer, by itself, may not be determinative, it counts for something." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994).

In determining what that "something" is, "courts draw distinctions between settlement offers steeped in puffery and posturing at a high level of abstraction, on the one hand, and those yielding particularized information and a reasonable assessment of value, on the other." *Ryals v. Wal-Mart Stores E., L.P.*, No. 2:16-cv-580-MHT, 2016 WL 7173884, at *5 (M.D. Ala. Sept. 29, 2016), *report and recommendation adopted*, No. 2:16-cv-580-MHT, 2016 WL 7175609 (M.D. Ala. Dec. 8, 2016) (Thompson, J.); *see also Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (Steele, J.) ("Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence."); *Hall v. CSX Transp., Inc.*, No. 3L06-cv-37-WKW, 2006 WL 3313682, at *2 n.5 (M.D. Ala. Nov. 14, 2006) (Watkins, J.) ("Defendant has not persuaded this court that Plaintiff's settlement demand was an honest assessment of damages.").

Given this standard, the court finds it instructive that the settlement demand does not include any specific expense by the plaintiff; notes that the plaintiff was not treated at a medical facility; and does not attempt to value the other elements of the claim, such as for the pain or scarring.

While it may defy judicial common sense that this claim is worth $ 500,000, *see Roe*, 613 F.3d at 1064, that is not the question. Rather, the question is whether the claim was worth at least $ 75,000 at the time of removal. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) ("[T]he jurisdictional facts that support removal must be judged at the time of the removal.") (internal quotation omitted).

***

Accordingly, it is ORDERED that the defendant is to file a brief, by noon on Friday, March 27, 2020, as to why the amount-in-controversy has been met, with

plaintiff's response, if any, due by noon on Friday, April 3, 2020.

DONE, this the 13th day of March, 2020.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE