# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| Shelly Montreuil, As Parent and Next Friend of Z.M., a minor, | * * * |
| Plaintiffs, | * * |
| v. | * Civil Action No. 2:18-cv-00706-MHT * (WO) * |
| Costco Wholesale Corp., et al. | * * |
| Defendants. | * |

## PRETRIAL ORDER

A pretrial hearing was held on in the case on March 13, 2020, wherein the following proceedings were held, and actions taken:

## PARTIES AND TRIAL COUNSEL:

Plaintiff Shelley Montreuil, as parent and next friend of Z.M., a minor is represented by Warner O. Hornsby of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. at pretrial hearing.

Defendant Costco Wholesale Corporation is represented by Jeremy S. Hazleton of Ferguson, Frost, Moore & Young, LLP at pretrial hearing.

Warner O. Hornsby will represent Plaintiff at trial. Warner O. Hornsby will serve as Plaintiff's lead trial counsel. Jeremy S. Hazelton represent Costco Wholesale Corporation at trial. Jeremy S. Hazelton will serve as lead counsel.

# JURISDICTION AND VENUE:

The court has subject matter jurisdiction of this action under the following statutes, rules or cases:

This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a).

Venue is proper in that the incident giving rise to this action occurred in the Montgomery Division of the Middle District of Alabama.

All jurisdictional and procedural requirements prerequisite to maintaining this action have been met. Personal jurisdiction and venue are not contested by either party.

# PLEADINGS:

The following pleadings and amendments were allowed:

1. Complaint;
2. Costco's Answer to Complaint;

Plaintiff filed her original Complaint on June 28, 2018 in the circuit court of Montgomery, County Alabama. Defendant filed its Notice of Removal from state court to federal court on August 1, 2018. Defendant filed its original Answer and Affirmative Defenses on August 8, 2018.

# CONTENTIONS OF THE PARTIES:

**(A) Plaintiff Shelley Montreuil**

1.  Plaintiff is bringing claims of negligence and wantonness relates to the preparation, maintenance, and service of hot chocolate by Sonya Abro, an employee of Club Demonstration Services, or CDS.

2.  CDS is responsible for the demonstrations of vendor products within the Costco located at 8251 East Chase Parkway, Montgomery, Alabama. CDS serves no other entity, and their offices are located within the Costco.

3.  CDS receives its instructions, regulations, and guidelines for demo displays and sales from Costco, or a Costco-owned subsidiary.

4.  Plaintiff contends that on November 22, 2016, Deborah Montreuil and her husband, along with their grandchildren, were shopping at the Costco located at 8251 East Chase Parkway, Montgomery, Alabama. Deborah took the girls with her, including Z.M., who was 7 years of age at the time. Also with Deborah Montreuil were Chloe (11 years old) and Meghan (13 years old). When the children saw the hot chocolate demo stand, they wanted some. The hot chocolate was served in a 4-ounce Styrofoam cup with no lid, and the lid was filled with an amount of hot chocolate between two and three ounces. The hot chocolate also contained whip cream on the top. Costco's, and ultimately CDS's, instructions dictate that hot chocolate, like any other heated liquid, be served at 135-180 degrees Fahrenheit.

5. At some point after Z.M. received her hot chocolate, the cart she was in was bumped by another customer, and her cup of hot chocolate spilled into her lap.

6. Despite there being no safety-related reason to serve hot chocolate in excess of 135 degrees Fahrenheit, Plaintiff contends that Costco, by and through its agents, served children hot chocolate so unnecessarily hot that Z.M. received second degree burns, from less than three ounces of liquid, through her long pants.

7. Plaintiff further contends that Costco, by and through its agents, neglected to provide other reasonable safety measures, in that it failed to check the temperature of the hot chocolate as it was served, and only monitored the temperature of the hot chocolate in the vat where it was maintained; it failed to allow for proper heat dissipation by covering the top of the cups of hot chocolate with whipped cream; and that it failed to provide lids which would have prevented or mitigated the extent of the spill.

8. Plaintiff claims compensatory and punitive damages for her injuries arising from the negligence and wantonness of the Costco's employees or agents.

**(B) Defendant Costco Wholesale Corporation**:

1. Defendant disputes it is liable in any way for the injuries suffered by Plaintiff.

2. Defendant disputes that anyone acting on its behalf acted negligently or wantonly.

3. Defendant disputes that it gives directives or instructions to CDS or its employees related to food and beverage sample safety and/or preparation. Neither Defendant nor any or Defendant's employees have control over sample food and beverage safety served in its store. Defendant further disputes that any sample food and beverage served by any other entity in its store on the subject date was unsafe. Defendant contends that any sample food and beverage served by any other entity in its store on the subject date was prepared and served within industry standard guidelines.

4. Defendant specifically denies it is liable under Plaintiff's theory of negligence and/or wantonness. Defendant asserts the affirmative defenses of contributory negligence and assumption of the risk as to Plaintiff's negligence theory. Defendant supports its denial of liability and affirmative defenses with the deposition testimony of Deborah Montreuil, Timothy Montreuil, and Rhonda Gambill. It is the position of Defendant that it did not breach any duty to Plaintiff at the time of the incident and the cause of the incident were the actions of others who acted unreasonably or carelessly in causing the beverage to spill and injure the minor Plaintiff. It is the position of the Defendant that it and anyone acting on its behalf

acted reasonably and within accepted food and beverage service standards at all times during the occurrence of the incident.

## STIPULATIONS BY AND BETWEEN THE PARTIES:

1. The Parties stipulate that the subject incident occurred on the premises of the Costco Wholesale Corporation located at 8251 East Chase Parkway, Montgomery, Alabama on November 22, 2016.

2. At the time of the incident, Deborah and Timothy Montreuil, the minor Plaintiff's grandparents, were shopping at the store with their grandchildren. When the incident occurred, Deborah was with her three grandchildren: Zoe (7 years old at the time), Chloe (11 years old at the time) and Meg (13 years old at the time).

3. At the time of the incident, Zoe was seated in the large bottom part of the basket where people typically put groceries.

4. Deborah and her granddaughters decided to sample hot chocolate from the Swiss Miss hot chocolate sample cart set up in the store. An employee of Club Demonstration Services, Inc., Sonya Abro, was serving the hot chocolate samples to Costco customers. The samples were served in 4-ounce Styrofoam sample cups.

5. After Deborah, Meg, Chloe, and Zoe each received a hot chocolate sample, Deborah began to push the cart. The hot chocolate sample Zoe was holding spilled on her right leg while seated in the shopping cart basket when another customer bumped into Plaintiff's cart.

6. As a result of the hot chocolate spilling, Zoe's right leg suffered scald injuries.

***

**It is ORDERED that:**

**(1) The jury selection and trial of this cause, which is to last two to three days, are set for May 11, 2020, at 10:00 a.m. at the United States Courthouse in Montgomery, Alabama;**

**(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;**

**(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, the jurors, and the judge to each have a set of the exhibits;**

**(4) Trial briefs ((a) summarizing the evidence to be**

presented at trial, (b) setting forth the elements of each and every claim and defense at issue and how the evidence does or does not satisfy those elements, and (c) addressing any evidentiary issues that may arise at trial) are required to be filed by April 27, 2020;

(5) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling order (doc. no. 12) entered by the court on September 25, 2018 and subsequently amended (doc. no. 16) on September 11, 2019; and

(6) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be binding on all parties unless this order be hereafter modified by order of the court.

DONE, this the 13th day of March, 2020.

                                /s/ Myron H. Thompson
                             **UNITED STATES DISTRICT JUDGE**