IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
SHELLY MONTREUIL, As        )
Parent and Next Friend of   )
Z.M., a minor,              )
                            )
     Plaintiff,             )
                            )    CIVIL ACTION NO.
     v.                     )      2:18cv706-MHT
                            )          (WO)
COSTCO WHOLESALE CORP.,     )
                            )
     Defendant.             )
```

OPINION AND ORDER

This court previously raised the question of subject-matter jurisdiction *sua sponte*. *See* Order (doc. no. 27); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). After outlining the relevant case law regarding establishing the amount-in-controversy, the court ordered defendant Costco Wholesale Corp. to file a brief as to why the amount-in-controversy has been met and allowed plaintiff Shelley Montreuil to respond. *See id.* at 4-5. Upon consideration of Costco

Wholesale's brief (doc. no. 32) and Montreuil's response (doc. no. 33), and for the reasons the court discussed in its order for briefing, *see, e.g., id.* at 4 (explaining that "the court finds it instructive that the settlement demand does not include any specific expense by the plaintiff; notes that the plaintiff was not treated at a medical facility; and does not attempt to value the other elements of the claim, such as for the pain or scarring"), the court concludes that removing defendant Costco Wholesale has not met its burden to "prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement." *Id*. at 2 (*quoting Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)).

***

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that, pursuant to 28 U.S.C. § 1447(c), this cause is remanded to the Circuit Court of

Montgomery County, Alabama, for want of subject-matter jurisdiction.

All pending motions are left for resolution after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

This case is closed in this court.

DONE, this the 13th day of April, 2020.

                            /s/ Myron H. Thompson
                            **UNITED STATES DISTRICT JUDGE**